IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLAUDE STEVEN THOMPSON                                                              APPELLANT

V.                                                                    CASE NO. 3:16-CV-00063-NBB

NORTH MISSISSIPPI SPINE CENTER, INC.;
MID-SOUTH BUSINESS ASSOCIATES, LLC;
TLW PROPERTIES, LLC; R. TAYLOR WINDHAM;
AND THOMAS L. WINDHAM, SR., M.D.                                                     APPELLEES

**MEMORANDUM OPINION**

This cause comes before the court upon the appellant's motion for leave to appeal an interlocutory order of the United States Bankruptcy Court for the Northern District of Mississippi. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

The appellant, Claude Steven Thompson, seeks leave to file an interlocutory appeal from the bankruptcy court's March 2, 2016 order granting the appellees' motion to amend their complaint and join TLW Properties and Thompson in the adversary proceeding originally filed in this court as cause number 3:14-cv-00098-SA-SAA but transferred to the bankruptcy court on the motion of Thomas L. Windham, Jr. This adversary proceeding was consolidated in bankruptcy court with the previously transferred action filed by Thomas Windham, Sr., against Thompson and Thomas Windham, Jr., District Court cause number 3:14cv00099-NBB-SAA.

The appellant asserts that the bankruptcy court erred in failing to apply the doctrine of futility and Rule 7015(c) of the Federal Rules of Bankruptcy Procedure regarding relation back of amendments to the date the original pleading was filed. Specifically, the appellant argues that the amendment is futile because the allegations in the amended complaint do not relate back to

the original complaint and is therefore barred by the statute of limitations. He further asserts that consolidation of the two adversary proceedings was improper in light of the fact that the claims set forth in the amended complaint are time barred.

Title 28 U.S.C. § 158(a)(3) authorizes a district court to grant leave to appeal an interlocutory order of the bankruptcy court. In the Fifth Circuit, a district court should look to the factors listed under 28 U.S.C. § 1292(b) to determine whether to grant such a motion. *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012). The factors are: (1) that a controlling issue of law must be involved; (2) that the question must be one where there is substantial ground for difference of opinion; and (3) that an immediate appeal must materially advance the ultimate termination of the litigation. *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). An order is said to involve a controlling issue of law, "if, on appeal, a determination that the decision contained error would lead to reversal." *Patrick v. Dell Financial Services, Inc.*, 366 B.R. 378, 385 (M.D. Pa. 2007). "In the interlocutory-appeal context, '[t]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Royce Homes*, 466 B.R. at 94 (quoting *In re Fairfield Sentry, Ltd.*, 458 B.R. 665, 673 (S.D.N.Y. 2011)). In *Royce Homes*, the court noted that determining whether the attorney-client privilege applied to certain documents and, if so, whether the defendant waived the privilege, were fact-intensive questions and, therefore, not a question of pure law. *Id.*

Rule 7015 provides that Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7015. Rule 15(c)(1) states that an amended pleading relates back to the date of the original pleading if the following requirements are satisfied:

2

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted. . . .

Fed. R. Civ. P. 15(c)(1). Where, as here, a plaintiff is ignorant of claims he can make against a defendant but discovers those claims during the process of litigation – in the instant case, through subpoenaing and analyzing bank records – the amendment of the complaint relates back to the date of the original pleading. *Womble v. Singing River Hospital*, 618 So. 2d 1252, 1268 (Miss. 1993), *overruled on other grounds by Sparks v. Kim*, 701 So. 2d 1113 (Miss. 1997) ("[S]tatutory period of limitations should be tolled for a reasonable period of time to allow plaintiffs to acquire and peruse the medical records that would provide a basis for any alleged negligence."). "[T]he statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when there is a genuine dispute." *Donald v. AMOCO Production Co.*, 735 So. 2d 161, 167 (Miss. 1999). The tolling of the statute of limitations is, therefore, not a question of pure law and not a proper issue for interlocutory appeal. This finding is dispositive as to an interlocutory appeal of the amendment issue as "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced." *In re Central Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 411 (W.D. La. 2013) (quoting *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 3:10-CV-003-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011)). It is, therefore, unnecessary for the court to examine the remaining grounds of § 1292(b) as to the amendment issue.

The appellant's objection to the bankruptcy court's consolidation of the two adversary proceedings is primarily an extension of his argument regarding amendment – that is, because the amendment is futile, according to the appellant, the cases should not have been consolidated. The appellant argues that "[w]ithout the amended complaint there exists no basis for consolidation. . . ." [Doc. No. 2, p.4]. This argument presupposes that the bankruptcy court was in error by allowing the complaint to be amended – an issue which this court finds is improper for interlocutory review, as outlined above. This court's finding on that issue renders the appellant's consolidation argument moot.

In the event the appellant may have intended to argue the consolidation issue as separate and distinct from the amendment issue, the court finds that, like the amendment issue, the consolidation issue does not survive review under § 1292(b). Specifically, the question is not one where there is substantial ground for difference of opinion. Courts find a substantial ground for difference of opinion: (1) when a trial court rules in a manner contrary to the rulings of all Courts of Appeals which have addressed the issue; (2) when the circuits are in dispute on the questions and the Court of Appeals of the circuit has not addressed the issue; (3) when complicated questions arise under foreign law; (4) when novel and difficult questions of first impression are presented. *In re Central Grain Co-Op, Inc.*, 489 B.R. at 412. A substantial ground for difference of opinion does not exist merely because a party claims the bankruptcy court ruled incorrectly. *Id.*

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

4

unnecessary cost or delay." Fed. R. Civ. P. 42(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7042).

In the instant case, the alleged plot through which the appellant and Thomas Windham, Jr., secured loans, forged the appellees' signatures, converted corporate assets, and utilized those assets to inflate their value to facilitate a check kiting scheme is at the center of the claims raised in the amended complaint as well as the action with which that case was consolidated. These actions therefore contain common questions of law and fact, and their consolidation would cause no prejudice and would avoid multiplicity of suits, conserving judicial resources. Given these common questions of law and fact, there is no substantial ground for difference of opinion as to their consolidation, and the court finds that the issue is not proper for interlocutory review.

Finally, the appellant also argues that the bankruptcy court's order granting the appellees' motion to amend and join and motion to consolidate is subject to the parameters of the collateral order doctrine. To be reviewable under the collateral order doctrine, an order must (1) be independent and easily separable from the substance of the other claims in the action; (2) present a need to secure prompt review to protect important interests of the parties; and (3) be examined in the light of practical as opposed to narrowly technical considerations. *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1360 (5th Cir. 1981). "The collateral order doctrine is a narrow exception, whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson – Merrell v. Koller*, 472 U.S. 424, 430-31 (1985) (internal citation omitted). Thus, if an order is reviewable on appeal following final judgment, it does not fall within the small class of orders subject to the collateral order doctrine. *Id.* at 431. In the present case, whether the appellees' claims are barred by the statute of

5

limitations is a question which may be addressed on appeal after the entry of final judgment. The collateral order doctrine is not applicable here, and the appellant's argument is without merit.

In accordance with the foregoing analysis, the court finds that the appellant's motion for leave to appeal should be denied. A separate order in accord with this opinion shall issue this day.

This, the 30th day of March, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**